UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY FRAZIER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>2600 SUNSET BLVD., LLC; and DOES 1 to 10,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-07083-WLH-SSC<br><br>**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND REQUEST TO AFFIX FEES [17]** |

Before the Court is Plaintiff Kimberly Frazier's ("Plaintiff") Motion for Default Judgment (the "Motion") against Defendant 2600 Sunset Blvd., LLC. ("Defendant"). (Docket No. 17). Defendant has not filed an opposition. The Court held a hearing on the Motion on February 9, 2024, at which only Plaintiff appeared. For the reasons below, the Court **GRANTS** the Motion as to Plaintiff's ADA claim; as to all other claims, the Motion is **DENIED** as moot.

## I. BACKGROUND

Plaintiff is a California resident diagnosed with paraplegia, which substantially limits her ability to walk.[1] (Compl., Docket No. 1 ¶ 1). She must use a wheelchair when traveling in public. (*Id.*). Defendant owns and/or operates the property at 2600 Sunset Boulevard in Los Angeles, California as a massage spa (the "Business"). (*Id.* ¶ 2). The Business is open to the public and provides parking for its customers. (*Id.* ¶ 11). In May of 2023, Plaintiff visited the Business and discovered that Defendant failed to maintain the parking space designated for persons with disabilities in compliance with federal standards. (*Id.* ¶ 13(a)–(f)). Namely, Plaintiff discovered that Defendant failed to post ADA-mandated signage identifying the accessible parking space. (*Id.*). While Plaintiff wishes to return to the Business, her knowledge of these barriers deters her from visiting again. (*Id.* ¶ 14).

On August 28, 2023, Plaintiff filed this public accommodation action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*; California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51 *et seq.*; California's Disabled Persons Act ("CDPA"), Cal. Civ. Code §§ 54, *et seq.*; and the California Health & Safety Code, §§ 19955, *et seq.* (*See generally id.*). She also brings a claim

---

[1] "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (citation and quotation marks omitted). Facts that are not established by the pleadings or claims which are not well-pleaded, however, cannot support a default judgment. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988).

for negligence. (*Id.*). Plaintiff served the Complaint on Defendant on October 26, 2023. (Proof of Service, Docket No. 14). Defendant did not file an answer. Plaintiff requested default, which the Clerk of Court entered on November 27, 2023. (Docket No. 16). Plaintiff filed this Motion on December 27, 2023, requesting entry of default judgment against Defendant to include injunctive relief, damages under the Unruh Act, attorney's fees, and costs.

On February 9, 2024, the Court held a hearing on both the Motion and an Order to Show Cause why the Court should exercise supplemental jurisdiction over Plaintiff's state law claims. (*See* Minutes of Feb. 9, 2024, Docket No. 19). Plaintiff's counsel withdrew arguments regarding the Court's exercise of supplemental jurisdiction, and the Court discharged the Order to Show Cause. (*Id.*). As such, only the ADA claim remains to be decided by this Court.

## II.   DISCUSSION

The Court finds that: (1) Plaintiff's Motion meets the threshold requirements for a motion for default judgment under Federal Rule of Civil Procedure 55(b); (2) this Court has subject-matter jurisdiction over the ADA claim; (4) the *Eitel* factors favor entry of default judgment on the ADA claim; and (5) Plaintiff is entitled to injunctive relief and $2,962 in attorney's fees and costs.

### A.   **Rule 55(b) Requirements**

In the Central District of California, an application for default judgment must be accompanied by a declaration in compliance with Rule 55(b)(1) and include the following:

(a) When and against what party the default was entered;
(b) The identification of the pleading to which default was entered;
(c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative;
(d) That the Servicemembers Civil Relief Act (50 U.S.C. App § 521) does not apply; and

3

>(e) That notice has been served on the defaulting party, if required by [Rule] 55(b)(2).

Local Rule 55-1.

Plaintiff's Motion and supporting materials state that: (a) default was entered against Defendant on November 27, 2023 (Decl. of Jason J. Kim ("Kim Decl."), Docket No. 17-2 ¶ 5); (b) default was entered as to the Complaint (*id.*); (c) Defendant is not an infant or incompetent person (*id.* ¶ 3); (d) the Servicemembers Civil Relief Act does not apply (*id.*); and (e) notice of the Motion was served on Defendant on December 27, 2023 (*id.* ¶ 6). Plaintiff thus meets the Rule 55(b) procedural requirements.

### B. Jurisdiction Over the ADA Claim

The ADA is a federal law that prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Under Title III of the ADA, "only injunctive relief is available" to a plaintiff—"[d]amages are not recoverable." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)).

The Court has subject-matter jurisdiction over Plaintiff's ADA claim under 28 U.S.C. §§ 1331 and 1343. Moreover, the Court has personal jurisdiction over Defendant because it has "certain minimum contacts with" California "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quotation omitted). Specifically, Defendant owns and/or operates the spa in California that gives rise to Plaintiff's Complaint. (Compl. ¶ 2).

### C. *Eitel* Factors

In deciding a motion for default judgment, a court must consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### 1. *Possibility of Prejudice to Plaintiff*

The first factor looks to whether the plaintiff will suffer prejudice if default judgment is not entered. *Eitel*, 782 F.2d at 1471–72. Taking the factual allegations of the Complaint as true, Plaintiff is a disabled person who would like to visit the Business again, but is deterred from doing so because it is not accessible. (Compl. ¶ 14). Plaintiff will be without legal recourse if default judgment is not granted because Defendant failed to respond or otherwise participate in the lawsuit. *See, e.g.*, *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Accordingly, this factor weighs in favor of default judgment.

### 2. *Merits of the Claim and Sufficiency of the Complaint*

The next two factors analyze the merits of Plaintiff's claims and the sufficiency of the allegations in his Complaint. *Eitel*, 782 F.2d at 1471–72. The Ninth Circuit has suggested that these two factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). To state a claim for violation of the ADA, Plaintiff must show that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public

accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

First, a person who has "a physical or mental impairment that substantially limits one or more major life activities" is disabled under the ADA. 42 U.S.C. § 12102(1)(A). Plaintiff is paraplegic and requires a wheelchair to get around in public. (Compl. ¶ 1). She therefore qualifies as a person who is "disabled within the meaning of the ADA."

Second, Defendant is a private entity that operates the Business as a spa. (*Id.* ¶ 2). "Health spas" are expressly defined as places of public accommodation under 42 U.S.C. § 12181. The second prong is therefore also satisfied.

Third, and finally, a plaintiff is denied public accommodations because of her disability when she "encounters an accessibility barrier violating [the ADA's] provisions" that "interferes with plaintiff's 'full and equal enjoyment' of the facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). The ADA Accessibility Guidelines ("ADAAG") "establish[] the technical standards required for 'full and equal enjoyment.'" *Id.* Therefore, "if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA." *Id.*

Under the ADAAG, with limited exceptions, "accessible parking spaces must be identified by signs that include the International Symbol of Accessibility." 28 C.F.R. Pt. 36, App. B (citing 36 C.F.R. Pt. 1191, App. C § F216.5; *id.*, App. D § 502.6). Here, Plaintiff asserts that Defendant failed to install signage or markings bearing the International Symbol of Accessibility, even though doing so would cost very little. Because Plaintiff has shown that Defendant failed to remove an architectural barrier where doing so was "readily achievable," she has also satisfied the third prong for an ADA claim. *Cf. Lozano v. C.A. Martinez Fam. Ltd. P'ship*, 129 F. Supp. 3d 967, 973 (S.D. Cal. 2015) (granting summary judgment for plaintiff on ADA claim because he "submitted evidence that the painted surface of the accessible parking spots had faded

to the point that the markings were nonexistent or barely visible"); *Escobedo v. Singh*, No. 1:23-cv-01302-NODJ-BAM, 2024 WL 1096056, at *7 (E.D. Cal. Mar. 13, 2024) (granting default judgment for plaintiff on ADA claim where plaintiff alleged there was "a designated accessible [s]tall, but it lacked signage, and the pavement markings were faded to the point that they were hardly visible"). Plaintiff's Complaint is therefore sufficient to show she would likely prevail on the merits of his ADA claim, and the second and third *Eitel* factors weigh in favor of default judgment.

### 3. *Sum of Money at Stake*

The fourth *Eitel* factor "examines the amount of money at stake in relation to the seriousness of a defendant's conduct." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Here, Plaintiff seeks $2,385 in attorney's fees and $577 in costs, for a total of $2,962. (Mot. at 2). As discussed below at section II.D, *supra*, the Court finds this amount to be reasonable. This factor weighs in favor of default.

### 4. *Possibility of Dispute Concerning Material Facts*

As discussed above, since Defendant has not answered or otherwise appeared in this action, the allegations in the Complaint are presumed to be true. *See* n.1, *supra*. Additionally, Defendant has not moved to set aside the default. Therefore, the possibility of a factual dispute is remote at best. This factor weighs in favor of default judgment.

### 5. *Excusable Neglect*

The sixth *Eitel* factor considers whether a defendant's failure to respond could constitute excusable neglect. This factor favors entry of default judgment where "the defendant has been properly served …." *Wecosign*, 845 F. Supp. 2d at 1082. Here, Plaintiff retained a process server and properly served Defendant on October 26, 2023. (Proof of Service). Despite being properly served, Defendant has neither made an

appearance in this matter nor challenged the entry of default. Accordingly, this favor weighs in favor of default judgment.

### 6. *Policy Favoring Decisions on Merits*

The seventh factor "takes into account the strong public policy in favor of deciding cases on the merits." *Langer v. Peykar*, No. 18-cv-1919-R, 2018 WL 10072162, at *3 C.D. Cal. Aug. 22, 2018). That said, the "mere existence" of Rule 55(b) indicates that the "preference" for decisions on the merits is not dispositive. *PepsiCo*, 238 F. Supp. 2d at 1178. Thus, even though this factor always weighs against default judgment, it does not preclude entry of default judgment.

### D. **Relief**

Plaintiff seeks injunctive relief, attorney's fees, and costs.

#### 1. *Injunctive Relief*

The ADA provides for injunctive relief that "include[s] an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities …." 42 U.S.C. § 12188. Plaintiff requests an order requiring Defendant to bring the Business parking lot into compliance with ADA requirements. Accordingly, the Court **ORDERS** Defendant to remove all barriers to accessibility in the parking lot of the Business and to add the required signage and markings.

#### 2. *Attorney's Fees*

Plaintiff requests that the Court affix $2,385 in attorney's fees under 42 U.S.C. § 12205. (Mot. at 2). In ADA cases where the prevailing party files a request to affix fees, the court must award a "reasonable" fee calculated by the lodestar approach. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158–59 (9th Cir. 2018). The lodestar is equal to "the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." *Id.* at 1158 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

An itemized billing statement shows that counsel for Plaintiff spent 3.6 hours on this matter at a rate of $500 per hour, while a paralegal spent 3.9 hours on this matter at a rate of $150 per hour. (Kim Decl., Exh. A). There is nothing to indicate that either the hours worked on the matter or the attorney's and paralegal's hourly rates are unreasonable. The Court therefore **GRANTS** $2,385 in attorney's fees.

### 3. Costs

Finally, Plaintiff requests $577 in costs under 42 U.S.C. § 12205. (Mot. at 2). That amount includes $402 in filing fees, $60 in gas and mileage reimbursement, $45 for the purchase of the Business's deed, and $70 for service of process. (Kim Decl., Exh. A). The Court **GRANTS** Plaintiff's requested $577 in costs.

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Default Judgment as to the ADA claim and **ORDERS** Defendant to bring the Business's parking lot into compliance with the ADA. As to Plaintiff's state law claims, the Court **DENIES** the Motion as moot. Finally, the Court **GRANTS** Plaintiff's requests for attorney's fees and costs in the amount of $2,962.

**IT IS SO ORDERED.**

Dated: May 8, 2024

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE